UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ASPIRE HEALTH PARTNERS, INC.,

    Plaintiff,

v.                                                          Case No: 6:24-cv-1578-JSS-UAM

ASPIRE MGT LLC,

    Defendant.
_____/

**<u>ORDER</u>**

Defendant moves for Plaintiff to post a security bond under Federal Rule of Civil Procedure 65(c). (Dkt. 56.) Plaintiff filed a memorandum in opposition. (Dkt. 57.) Upon consideration, for the reasons outlined below, the motion is granted in part and denied in part.

On December 19, 2024, the court granted Plaintiff's motion for a preliminary injunction as to its trademark infringement claims. (Dkt. 51.) However, due to the lack of briefing on the bond issue and the wide divergence on the parties' proposed bond amounts, the court did not impose a bond at that time, but instead ordered the parties to confer to attempt to reach an agreement concerning a reasonable bond amount. (*Id.* at 39 (citing *BellSouth Telecomms. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) (discerning no abuse of discretion where a district court declined to set a bond amount at the time it entered a preliminary injunction but instead ordered the parties to confer "regarding the 'bond issue'")).)

The parties have conferred as ordered but were unable to reach an agreement. (*See* Dkt. 56 at 2; Dkt. 57 at 3.)

Federal Rule of Civil Procedure 65(c) states that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." While the only caveat Rule 65 expressly makes to this requirement is for the United States and its officers and agencies, courts have found that, in some cases, a bond need not be required at all. Fed. R. Civ. P. 65(c); *see BellSouth Telecomms.*, 425 F.3d at 971 ("[I]t is well-established that the amount of security required by [Rule 65(c)] is a matter within the discretion of the trial court, and the court may elect to require no security at all."). In any event, this court enjoys broad discretion in setting the amount of the bond to be imposed. *See Carillon Importers, Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1127 (11th Cir. 1997) ("The amount of an injunction bond is within the sound discretion of the district court."). However, "[t]he Supreme Court has suggested that an injunction bond represents the upper limit of damages for which a wrongfully enjoined party can recover." *Delta T, LLC v. Kale Fans Am. S.A. De C.V.*, No. 6:20-cv-170-Orl-40EJK, 2020 WL 1674328, at *5 (M.D. Fla. Feb. 25, 2020) (citing *W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 770 n.14 (1983)). "The burden of establishing a rational basis for the amount of a proposed bond rests with the party seeking security." *Exchange Int'l, Inc. v. Vacation Ownership Relief, LLC*, No. 6:10-cv-1273-ORL-35DAB, 2010 WL 4983668, at *2 (M.D. Fla. Dec. 2, 2010). Moreover, "[i]n fixing the amount of security required, a court is not required

to order security in respect of claimed economic damages that are no more than speculative." *Design Pallets, Inc. v. Shandon Valley Transp. Sols. USA, LLC*, No. 6:12-cv-669-Orl-22DAB, 2012 WL 13102590, at *2 (M.D. Fla. July 9, 2012) (quotation omitted).

 In the wake of the injunction, Defendant sought out "cost estimates for rebranding, a domain overhaul, loss of marketing materials, and labor costs necessary to rebrand and to comply with" the injunction. (Dkt. 56 at 3.) It has provided the following figures: $354,000 for rebranding and signage, $550,000 to change its domain and "[t]ransition" its software, $321,537 for payroll and "[e]xpenses" to "[r]ebrand," and $529,645.67 to replace marketing materials. (*Id.* at 4.) To substantiate these costs, Defendant submits an affidavit from its chief financial officer, estimates prepared by potential contractors, a list of the merchandise it wants to replace, and a document outlining the man-hours Defendant estimates complying with the injunction will require. (*See* Dkt. 56-1.) Plaintiff contests these "summary estimates," arguing that "[t]here are numerous reasons to believe" they "are inaccurately high." (Dkt. 57 at 3.) Accordingly, it has submitted its own estimate and concludes that, at most, it will cost Defendant $138,469 to comply with the preliminary injunction. (Dkt. 57-4 at 1.) After carefully considering the evidence proffered on this issue, the court will require Plaintiff to post a $350,000 security bond. *See BellSouth Telecomms.*, 425 F.3d at 971; *Carillon Importers*, 112 F.3d at 1127.

Accordingly:

1. Defendant's Motion for Bond in Light of the Court's December 19, 2024 Award of Preliminary Injunction to Plaintiff (Dkt. 56) is **GRANTED in part and DENIED in part**.

2. Within 14 days of the entry of this Order, Plaintiff shall post with the Clerk a bond in the amount of $350,000 as security for the duration of the preliminary injunction.

**ORDERED** in Orlando, Florida, on February 13, 2025.

> JULIE S. SNEED
> UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record